## 19544

Lucile T. JOHNSON, Appellant, v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, Respondent

(193 S. E. (2d) 806)

*Messrs. Yarborough, Parrott & Anderson,* of Florence, *for Appellant.*

*Messrs. McGowan, Nettles, Keller & Eaton, for the Respondent.*

January 4, 1973.

Moss, Chief Justice:

Lucile T. Johnson, the appellant herein, commenced this action against State Farm Mutual Automobile Insurance Company, the respondent herein, alleging that she was entitled to collect the accidental death benefits provided under Coverage S of a liability insurance policy issued on January 29, 1969, to Gladys Timmons, the mother of the appellant. She alleges that under Coverage S the respondent agreed to pay or it was intended that it would pay $5,000 to her in the event of the death of Gladys Timmons, provided she died as a direct result of bodily injury caused by an accident while occupying or being struck by an automobile. It is further alleged that while the aforesaid liability policy was in full force and effect that Gladys Timmons, on November 16, 1969 died as a result of bodily injury caused by an accident while occupying an automobile, and independently of all other causes.

It is further alleged that the policy provision, under which she seeks to recover, was ambiguous and such should be reformed so as to name her as the beneficiary of the coverage and that Gladys Timmons should be declared the person insured under said policy.

The respondent, by its answer, admitted that it issued a certain automobile liability policy, effective January 29, 1969, to Gladys Timmons, who was the "named insured" therein, which policy contained Insurance Agreement IV— Automobile Death Indemnity, referred to therein as Coverage S" which insured the life of Lucile T. Johnson as the "person(s) insured" for the reason that she was the principal driver of said automobile. It is further alleged that the

appellant was not entitled to any benefits under said policy nor should it be reformed as sought by the appellant.

This case came on for trial before the Honorable W. T. McGowan, Jr., Judge of the Civil Court of Florence County, without a jury and after taking the testimony, he thereafter filed his Order in which he held that the appellant was the "person (s) insured" and not the beneficiary under Coverage S of said policy. He further held that there was no ambiguity in the terms of the policy and that the appellant was not entitled to any reformation of the policy. This appeal followed.

At the time Gladys Timmons filed her application with the respondent for automobile liability insurance, she had the option of purchasing accidental death and disability insurance upon any person residing in her household. It is conclusive from the record that Lucile T. Johnson, the daughter of Gladys Timmons, was the principal driver of the insured automobile and she was designated as the insured under Coverage S of the policy. When the liability policy was issued to Gladys Timmons she was the "named insured" therein and Lucile T. Johnson was the "person (s) insured" under Insuring Agreement IV, Coverage S, which provides, under definitions—Insuring Agreement IV, as follows:

"*Insured*—under S and T means the person or persons designated under 'PERSONS INSURED' in the declarations with a limit of liability indicated under the caption 'AMOUNTS' applicable to such coverage or coverages."

We have carefully reviewed the application of Gladys Timmons for liability insurance and the policy issued pursuant thereto and under the clear and explicit terms of the "Declarations" and the Insuring Agreement, Lucile T. Johnson was the only "person(s) insured" under Coverage S thereof. The death of Gladys Timmon's she not being a "person(s) insured" under Coverage S, gave rise to no liability of the respondent for her accidental death. We think there was no error on the part of the trial judge in so holding.

It is the contention of the appellant that Coverage S was ambiguous. Having reviewed the contract between the parties, we agree with the trial Judge that such was unambiguous. It follows that the construction thereof was a matter for the trial judge.

In her complaint the appellant asked for a reformation of the insurance contract. The trial judge refused such and the appellant has taken no exception to such ruling. It follows that this question is not before us for decision.

The exceptions of the appellant are found to be without merit and the judgment below is,

Affirmed.

LEWIS, BUSSEY, BRAILSFORD and LITTLEJOHN, JJ., concur.